**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**JULY 1997 SESSION**

FILED

December 17, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | **C.C.A. NO. 01C01-9608-CC-00363** |
| Appellee, | ) | |
| | ) | **COFFEE COUNTY** |
| VS. | ) | |
| | ) | **HON. JOHN W. ROLLINS,** |
| **CHARLES D. FOWLER,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Attempted Statutory Rape) |

FOR THE APPELLANT:      FOR THE APPELLEE:


**ROBERT S. PETERS**
100 First Ave., S.W.
Winchester, TN 37398

**JOHN KNOX WALKUP**
Attorney General & Reporter

**KAREN M. YACUZZ0**
Assistant Attorney General
450 James Robertson Pkwy.
Nashville, TN  37243-0493

**C. MICHAEL LAYNE**
District Attorney General

**KENNETH J. SHELTON, JR.**
Asst. District Attomey General
P.O. Box 147
Manchester, TN 37355


OPINION FILED:_____


**REVERSED AND DISMISSED**


**JOHN H. PEAY,**
Judge

**O P I N I O N**

The defendant was indicted on October 12, 1994, on charges of attempt to purchase a minor child, attempt to commit statutory rape, and patronizing prostitution. The State later dismissed the charge of patronizing prostitution, and a jury found the defendant guilty of the remaining two counts. The trial court, however, granted the defendant's motion for an acquittal as to attempt to purchase a minor child. Thus, in this appeal of right, the defendant challenges his remaining conviction for attempted statutory rape. The defendant contends that the evidence was insufficient to convict him of this offense. He further challenges the appropriateness of his sentence. The trial court sentenced him to serve nine months in the county jail and pay a two thousand five hundred dollar ($2500) fine.

After a review of the record and applicable law, we find that the evidence was insufficient to convict the defendant of attempted statutory rape. Therefore, we reverse the judgment of the trial court and dismiss the charge against the defendant.

This case arose from an undercover investigation by the Coffee County Sheriff's Department. The department had received several complaints of homosexual activity, prostitution, and drug use at the rest area along Interstate 24 East in Coffee County. As a result, on July 6, 1994, Officer Doug Richardson went to the area to investigate. At the defendant's trial, Richardson testified that upon his arrival at the rest area, he walked toward a wooded portion of the area where he encountered the defendant. He testified that the defendant had approached him and began to talk to him about underage children. Richardson was wearing a tape recorder and recorded the entire conversation. The tape was played at trial for the jury.

2

During the taped conversation, the defendant told Richardson that he had been hoping to pick up some hitchhikers but that he had had no luck. He further told Richardson that he had also been looking for someone young who was willing to run away from home and go live with him in Florida. The defendant told Richardson, "I like the young stuff. In fact, I like the underage stuff." The defendant then went on to tell Richardson about his career in the military and then bragged about his homosexual escapades with minors while traveling in various countries.

When the defendant told Richardson he was looking for a young boy, Richardson told him he might know of a few boys that would be willing to go with the defendant. He told the defendant that the boys he had in mind were between the ages of ten and fourteen. The defendant responded that those ages were acceptable so long as the boys were old enough to ejaculate. Richardson then asked the defendant if he were willing to pay a "finder's fee" if Richardson were able to supply a suitable boy. The defendant said that he would and Richardson told him he knew of a twelve-year-old boy that wanted to run away from home. The defendant then agreed to meet Richardson and the boy in forty-five minutes, at which time the defendant would pay Richardson two hundred dollars ($200).

Richardson then contacted Keith Jared "K.J." Brewer, a summer intern at the district attorney's office. K.J. was nineteen years old at the time, but Richardson testified that K.J. had looked younger than nineteen. K.J. had dressed in cut-off shorts, a white T-shirt, and a baseball cap in order to appear younger. He and Richardson then left to meet the defendant.

When the pair arrived at the designated meeting place, the defendant was

3

waiting for them. Richardson introduced the defendant to K.J. and told the defendant that K.J. was fourteen years old and was willing to do anything that the defendant wanted him to do. At that time, the defendant said that he only wanted "straight sex" and that he would not harm the boy. The defendant and Richardson then discussed the boy's birth certificate and other information necessary for enrolling him in school or for finding employment. Following this conversation, the defendant wrote Richardson a check for two hundred dollars ($200) in exchange for the boy. Richardson immediately placed the defendant under arrest.

The defendant contends that the evidence was insufficient to sustain his conviction for attempted statutory rape. He argues that the State failed to present evidence of an overt act sufficient to support a finding of his attempt to commit statutory rape.

When an accused challenges the sufficiency of the convicting evidence, we must review the evidence in the light most favorable to the prosecution in determining whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We do not reweigh or re-evaluate the evidence and are required to afford the State the strongest legitimate view of the proof contained in the record as well as all reasonable and legitimate inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

Questions concerning the credibility of witnesses, the weight and value to be given to the evidence, as well as factual issues raised by the evidence are resolved by the trier of fact, not this Court. Cabbage, 571 S.W.2d 832, 835. A guilty verdict

4

rendered by the jury and approved by the trial judge accredits the testimony of the witnesses for the State, and a presumption of guilt replaces the presumption of innocence. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973).

A defendant challenging the sufficiency of the proof has the burden of illustrating to this Court why the evidence is insufficient to support the verdict returned by the trier of fact in his or her case. This Court will not disturb a verdict of guilt for lack of sufficient evidence unless the facts contained in the record and any inferences which may be drawn from the facts are insufficient, as a matter of law, for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

In this case, the defendant was convicted of attempted statutory rape. Statutory rape is defined by the statute as "sexual penetration of a victim by the defendant or of the defendant by the victim when the victim is at least thirteen (13) but less than eighteen (18) years of age and the defendant is at least four (4) years older than the victim." T.C.A. § 39-13-506(a). Tennessee Code Annotated § 39-12-101 provides that a person commits criminal attempt if he or she:

> (1) Intentionally engages in action or causes a result that would constitute an offense if the circumstances surrounding the conduct were as the person believes them to be;
>
> (2) Acts with intent to cause a result that is an element of the offense, and believes the conduct will cause the result without further conduct on the person's part; or
>
> (3) Acts with intent to complete a course of action or cause a result that would constitute the offense, under the circumstances surrounding the conduct as the person believes them to be, and the conduct constitutes a substantial step toward the commission of the offense.

The statute further provides that "[c]onduct does not constitute a substantial step under

5

subdivision (a)(3) unless the person's entire course of action is corroborative of the intent to commit the offense."

The defendant argues that, under this statute and the Tennessee Supreme Court's holding in Dupuy v. State, 325 S.W.2d 238 (Tenn. 1959), his actions were "mere preparations" to commit statutory rape and therefore did not amount to a "substantial step." However, in State v. Reeves, 916 S.W.2d 909, 912-14 (Tenn. 1996), the Supreme Court abandoned the "mere preparations" test from Dupuy and adopted a less rigid rule for assessing criminal attempt. To determine whether a defendant's actions constitute an attempt, the trier of fact need not distinguish "mere preparation" from the "act itself." Instead, there need only be a finding that the defendant's actions constituted a "substantial step" toward committing the offense. If a defendant takes a substantial step with the specific intent to commit the crime, then he or she is guilty of criminal attempt.

Thus, in this case, in order for the defendant to be convicted of attempted statutory rape, his actions must have constituted a "substantial step" toward committing this offense. In other words, the defendant must have taken a substantial step toward "sexual penetration." From the facts of this case, we simply cannot conclude that the defendant's actions sufficiently constituted a substantial step toward sexual penetration. While the defendant did give Officer Richardson two hundred dollars ($200) in exchange for K.J. and did express his desire to have "straight sex" with the young man, this evidence does not amount to a substantial step toward sexual penetration. Tennessee Code Annotated § 39-13-501 defines sexual penetration as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of the victim's, the defendant's, or any other person's body . . . ." We conclude that the defendant's actions do not amount to a substantial step toward any of the above definitions of sexual penetration. Although the defendant's comments throughout the night to Officer

6

Richardson may have indicated a desire by the defendant to engage in a sexual encounter with the young man, these words, coupled with his action of handing a check to Richardson, are not enough to sustain a conviction for attempted statutory rape. Therefore, we reverse and dismiss the defendant's conviction for attempted statutory rape.

In addition to the above issue, the defendant argues that he should have been placed on probation rather than sentenced to incarceration in the local jail. The defendant was convicted of a Class A misdemeanor, thus, the defendant could have received a maximum sentence of eleven months, twenty-nine days. The defendant received only a nine month sentence. In denying the defendant probation, the trial judge cited the reprehensible conduct of the defendant in seeking out sexual encounters with minors as well as the defendant's conviction in Florida for exposure of a sexual organ and disorderly conduct. The defendant was charged with the Florida offenses a short time after his arrest on the charges in this case.

We find no abuse of discretion on behalf of the trial judge in sentencing this defendant. Had the conviction been affirmed, the sentence would have been appropriate.

For the foregoing reasons, we reverse and dismiss the defendant's conviction for attempted statutory rape.

_____

JOHN H. PEAY, Judge

CONCUR:

_____
WILLIAM M. BARKER, Judge


_____
JERRY L. SMITH, Judge